**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4394**
_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

RODNISHA SADE CANNON,

                    Defendant - Appellant.


_____

**No. 14-4395**
_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

RODNISHA SADE CANNON,

                    Defendant - Appellant.



_____

Appeals from the United States District Court for the Western
District of North Carolina, at Charlotte.  Frank D. Whitney,
Chief District Judge.  (3:12-cr-00313-FDW-1; 3:13-cr-00095-FDW-
1)

_____

Submitted:  January 20, 2015                          Decided:

_____

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Bradley L. Henry, BREEDING & LODATO, LLC, Knoxville, Tennessee, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodnisha Sade Cannon pled guilty in accordance with a written plea agreement to: conspiracy to commit health care fraud, 18 U.S.C. §§ 1347, 1349 (2012); aggravated identity theft, 18 U.S.C. § 1028A(a)(1), (b) (2012); conspiracy to commit money laundering, 18 U.S.C. §§ 1956(h), 1957 (2012); and attempted disposal and transfer of property to prevent seizure, 18 U.S.C. § 2232 (2012).  She was sentenced to seventy-eight months for the conspiracies and attempted disposal and transfer and two years, consecutive, for identity theft, for an aggregate sentence of 102 months.  Cannon now appeals.  Her attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning the validity of the guilty plea but concluding that there are no meritorious issues for appeal. Cannon was advised of her right to file a pro se brief but has not filed such a brief.  We affirm.

After careful review, we hold that the guilty plea was knowing and voluntary.  Cannon stated at the Fed. R. Crim. P. 11 hearing that her mind was clear and she was not under the influence of drugs or alcohol.  She expressed satisfaction with her attorney's services.  Cannon admitted her guilt.  She stated that her plea was not the result of threats or promises other than those contained in the plea agreement.  Finally, the

3

district court substantially complied with the requirements of Rule 11.

With respect to sentencing, the court properly calculated Cannon's Guidelines range, considered the 18 U.S.C. § 3553(a) (2012) factors and the arguments of the parties, and provided a sufficiently individualized assessment based on the facts of the case. We therefore conclude that the sentence is procedurally reasonable. Additionally, given the totality of the circumstances, the sentence is substantively reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

Pursuant to Anders, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Cannon, in writing, of her right to petition the Supreme Court of the United States for further review. If Cannon requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cannon. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before this court and argument would not aid the decisional process.

AFFIRMED